Gheorghe ALEXANDROAI, Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., Defendants.

No. 97CV0356 J RBB.

United States District Court, S.D. California.

Nov. 10, 1997.

Gheorghe Alexandroai, Pro Se.

Dan Lungren, Atty. Gen., Robert Helfand, Deputy Atty. Gen., San Diego, CA, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

JONES, District Judge.

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint.

## I. FACTUAL BACKGROUND

Plaintiff Gheorghe Alexandroai, a state prisoner proceeding in pro se, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging violation of his right to medical care. Plaintiff generally alleges in his complaint that on September 10, 1996, his civil rights were violated when he was denied the right to medical care by the California Department of Corrections, Dr. Myung Sohn, and Dr. Carl Ziesmer. (Mem. of Points and Authorities at 1). Although not mentioned in his statement of the claim, Plaintiff names the California Department of Corrections as a separate defendant along with Drs. Sohn and Ziesmer. *Id.* at 1–2 (citing Complaint at page 1).

Plaintiff alleges that he has been awaiting treatment for his right eye since August of 1995. (Complaint at page 4). According to Plaintiff, he was told in August of 1995 that he required cataract surgery on his eye, but has been unable to receive such surgery through the prison system. *Id.* Plaintiff alleges that his eyesight is currently deteriorating. *Id.* Plaintiff seeks damages in the amount of $6,000,000. *Id.* at page 8.

Plaintiff checked off a box on his complaint form indicating that he has exhausted any available administrative remedies. *Id.* at page 7. However, Plaintiff failed to attach the required proof that he has exhausted his administrative remedies. The complaint form clearly indicates that Plaintiff chooses to check off the "yes" box, indicating that he has exhausted his administrative remedies, Plaintiff *must* attach proof that he has indeed exhausted such remedies. (*See* Complaint at page 7).

Defendants now move to dismiss Plaintiff's complaint because Plaintiff has failed to document the exhaustion of his administrative remedies with the California Department of Corrections or the State Board of Control. Defendants further move to dismiss the complaint because Plaintiff has named the California Department of Corrections as a defendant in a civil rights action "in violation of the well established legal principle that only individuals may be sued in a civil rights action." (Mem. at 2). Because the Court grants Defendants' motion based on Plain-tiff's failure to exhaust, the Court need not address whether Plaintiff may sue the California Department of Corrections for civil rights violations.

Plaintiff has filed a motion captioned as " 'Objections' to Defendants Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted," which the Court has construed as Plaintiff's opposition. Plaintiff's opposition indicates that Plaintiff has now received his required eye surgery. (Opposition at 3). Plaintiff's opposition does not address his failure to exhaust administrative remedies.

## II. ANALYSIS

### A. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO 42 U.S.C. § 1997

On his complaint form, Plaintiff checked off the box indicating that he has exhausted his administrative remedies. However, Plaintiff failed to attach the required documentation proving that he has indeed exhausted his administrative remedies. Further, Plaintiff fails to discuss any administrative remedies he has pursued in either his complaint or his opposition.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, Title VII, §§ 801–10, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The administrative appeal system for inmates in the California prison system is described in Title 15 of the California Code of Regulations. "Any inmate or parolee under the [California of Department of Correction's] jurisdiction may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." CAL.CODE REGS. tit. 15, § 3084.1(a). In order to exhaust administrative remedies, a prisoner must first at-

tempt to informally resolve the problem with the "staff [member] involved in the action or decision being appealed." *Id.* § 3084.5(a). If unsuccessful, the prisoner must then submit a formal appeal on an inmate appeal form (i.e., a CDC 602 form) to the institution's Appeals Coordinator or Appeals Office, *id.* § 3084.5(b), and if unsuccessful there, must submit a formal appeal for second level review, *id.* § 3084.5(c), which is conducted by the institution head or designee. *Id.* § 3084.5(e)(1). Finally, the prisoner must submit a formal appeal for third level review to the director of the California Department of Corrections or the director's designee. *Id.* § 3084.5(e)(2).

Before he may properly file an action in this Court, Plaintiff must fully exhaust the administrative requirements of the California Code of Regulations. As Defendants point out, Plaintiff alleges in his complaint that he has exhausted all administrative remedies, but fails to attach proof of such exhaustion as is explicitly required on the form complaint he employed. Defendants note that in fact, Plaintiff has only filed one Inmate/Parolee Appeal Form on January 28, 1997. (Mem. at 4, exh. 1 to mem.). Plaintiff has not taken any further action. It is thus clear that Plaintiff has failed to demonstrate that he has exhausted all available administrative remedies; that is, that he pursued his claim all the way through the third level of review.

Accordingly, the Court hereby dismisses Plaintiff's complaint with leave to amend. He needs to work within the prison system to have his case heard and then come to the Court after he has exhausted his administrative remedies as required under federal law.

## B. PLAINTIFF'S ABILITY TO SUE CALIFORNIA DEPARTMENT OF CORRECTIONS FOR CIVIL RIGHTS VIOLATIONS

Because the Court dismisses Plaintiff's complaint for failure to exhaust his administrative remedies, the Court need not reach the issue of Plaintiff's ability to sue the Cali-

fornia Department of Corrections for violations of Plaintiff's civil rights.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6). Such dismissal is without prejudice to refiling after Plaintiff's claims accrue under section 1983. Before refiling, Plaintiff must exhaust all available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Thus, in addition to filing his inmate appeal forms, Plaintiff must submit a formal appeal for second level review. If unsuccessful at that level, Plaintiff must then submit a formal appeal for third level review to the director of the California Department of Corrections or the director's designee. Only after Plaintiff has gone through each of these steps may he be said to have exhausted his available administrative remedies.

**IT IS SO ORDERED.**